
# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV–13–732

| | |
|---|---|
| RYBURN MOTOR COMPANY and RISK MANAGEMENT RESOURCES<br><br>APPELLANTS<br><br>V.<br><br>RICHARD DOUGLAS ATKINS<br><br>APPELLEE | **Opinion Delivered** February 12, 2014<br><br>APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION<br>[NO. F801886]<br><br><br><br><br>AFFIRMED |

## RHONDA K. WOOD, Judge

Appellants Ryburn Motor Company and Risk Management Resources appeal from a Workers' Compensation Commission decision that found appellee Richard Atkins had met his burden of proof in establishing the compensability of a right-hip injury. Appellants argue that Atkins did not prove that his right-hip condition was a compensable consequence of his other injuries following a work-related accident. However, the Commission's decision was supported by substantial evidence, and we affirm.

While working at a car dealership, a truck fell from a rack, struck Atkins, and pinned him against a concrete wall. Appellants admitted that Atkins sustained compensable injuries to his left hip, left knee, and left arm. Subsequently, Atkins began experiencing problems with his right hip, and his doctor recommended a right-hip replacement to alleviate the situation. Appellants denied liability for the condition of Atkins's right hip,



and the administrative law judge (ALJ) conducted a hearing to determine the compensability of the claim. The Workers' Compensation Commission affirmed the ALJ's finding that the right-hip injury was compensable.

Our standard of review for workers' compensation claims is clear. We view the evidence in the light most favorable to the Commission's decision and affirm the decision if it is supported by substantial evidence. *Hudak-Lee v. Baxter Cnty. Reg'l Hosp.*, 2011 Ark. 31, 378 S.W.3d 77. Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* On review, the issue is not whether the appellate court might have reached a different result from the Commission, but whether reasonable minds could reach the result found by the Commission. *Id.* Additionally, questions concerning the credibility of witnesses and the weight to be given to their testimony are within the exclusive province of the Commission. *Cedar Chem. Co. v. Knight*, 372 Ark. 233, 273 S.W.3d 473 (2008).

The Commission found that Atkins's right-hip injury was a compensable consequence of his left-knee injury resulting from his work accident. When the primary injury is shown to have arisen out of and in the course of employment, every natural consequence that flows from the injury likewise arises out of the employment, unless it is the result of an independent intervening cause. *Homes v. Beard*, 82 Ark. App. 607, 120 S.W.3d 160 (2003). Here, there was evidence that Atkins's left knee was seriously hurt in the accident, and after treatment, he began using a cane or a walker. This caused Atkins to shift his weight when walking and caused right-hip pain. Atkins testified that his right-hip condition grew progressively worse over time, and his testimony was supported by

2

notations of an altered gait caused by his left-knee injury in his medical records. Atkins also testified that he had no physical restrictions or work absences for his knee or hip prior to his accident at work. We hold that substantial evidence supports the decision that Atkins suffered a compensable consequence injury to his right hip.

Affirmed.

GLADWIN, C.J., and BROWN, J., agree.

*Worley, Wood & Parrish, P.A.*, by: *Melissa Wood*, for appellants.

*Gary Davis*, for appellee.